# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. CR-24-467-SLP |
| ) | |
| NASIR AHMAD TAWHEDI, ) | |
| a/k/a Nasir Ahmad Azizi, ) | |
| a/k/a "@Abu_Omir," ) | |
| ) | |
| Defendant. ) | |

## PROTECTIVE ORDER GOVERNING DISCOVERY

Upon the agreed motion of the government, pursuant to Fed. R. Crim. P. 16(d), it is hereby ORDERED:

1. All of the materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the materials") are subject to this protective order and may be used by defendant and defendant's counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2. Defendant and defendant's counsel shall not disclose the materials or their contents directly or indirectly to any person or entity other than persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to

whom the United States may authorize disclosure (collectively, "authorized persons"). Potential witnesses and their counsel may be shown copies of the materials as necessary to prepare the defense, but may not retain copies without prior permission of the United States. The materials and their contents shall not be disclosed either directly or indirectly to any person or entity outside of the United States without prior authorization from the United States.

3. Certain materials disclosed or to be disclosed by the United States contain particularly sensitive information, including recordings, transcripts of recordings, reports, personal identifying information ("PII"), and other materials pertaining to interviews of the defendant and other individuals, including juveniles. Additionally, the actual name or cover name, identifier, or online account name used by any Federal Bureau of Investigation ("FBI") Confidential Human Source ("CHS"), FBI Online Covert Employee ("OCE"), or FBI Undercover Employee ("UCE") will be redacted from discovery. To the extent that the defendant or counsel for the defendant may learn, or believe that they have knowledge of any actual or cover name, identifier, or online account name used by any FBI CHS, OCE, or UCE, the parties will not disclose, publicly or in any pretrial filing, at any pretrial hearing, trial, sentencing, or post-conviction pleadings, any such information. No such materials, or the information contained therein, may be copied. Further, no

such materials, or the information contained therein, may be disclosed to any persons other than defendant, counsel for defendant, persons employed to assist the defense, or the person to whom the sensitive information solely and directly pertains, without prior notice to the government and authorization from the United States. These materials shall not be left in the possession of the defendant, whether at a detention facility, halfway house, or while the defendant is on release pending trial, sentencing, or appeal. Absent prior permission from the United States, that information shall not be included in any public filing with the Court, and instead shall be submitted under seal (except if the defendant chooses to include in a public document sensitive information relating solely and directly to the defendant).

4. Defendant, defendant's counsel, and authorized persons shall not copy or reproduce any of the materials not specified in paragraph three, except in order to provide copies of the materials for use in connection with this case by defendant, defendant's counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials.

5. Defendant, defendant's counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

6. Before providing materials to an authorized person, defense counsel must provide the authorized person with a copy of the Protective Order. Defense counsel shall maintain a list of persons to whom materials are disclosed.

7. Upon conclusion of all stages of this case, all of the materials and all copies made thereof shall be returned to the United States, unless otherwise agreed to by the United States and ordered by the Court. The Court may require a certification as to the disposition of any such materials.

8. To the extent any material is produced by the United States to defendant or defendant's counsel by mistake, the United States shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, defendant and/or defendant's counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

9. Nothing in this Order shall restrict use by the parties of Sensitive Discovery Materials or information contained therein during the parties' investigation of the allegations, litigation, or introduction as evidence at trial, except that any documents, papers, or pleadings filed with the Court that: (a) quote directly from Sensitive Discovery Materials; (b) summarize or refer to the contents of Sensitive Discovery Materials; or (c) attach copies of Sensitive

Discovery Materials, shall be filed under seal, unless the parties agree to the public filing of such information, or all information that would identify the subject of the document or filing has been removed or redacted, or such information has already been publicly disclosed, or the Court rules that it may be filed on the public docket. The procedures for use of designated confidential documents during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. No party shall disclose designated confidential documents in open Court without prior consideration by the Court.

  10. Defense counsel shall maintain all Sensitive Information in a secure and safe area and shall exercise the same standards of due and proper care with respect to the storage, custody, use, and/or dissemination of such information as are exercised by the recipient with respect to his own confidential information. In addition, non-party recipients of any Sensitive Information pursuant to this Protective Order shall have in place appropriate administrative, technical, and physical safeguards to protect the privacy of the Sensitive Information.

  11. Nothing in this Order shall prevent any party form seeking modification of this Protective Order. The party seeking modification must first discuss any proposed modifications with opposing counsel and attempt to reach resolution before seeking a modification from this Court.

12.     All discovery information that may be provided as part of the discovery materials in this case is now and will forever remain the property of the United States.

13.     The Order shall survive the termination of this Criminal Case and shall continue in full force and effect thereafter.

14.     Parties have agreed to the terms of this Order.

IT IS SO ORDERED this 15th day of November 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE